# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUBEN GONZALEZ,** | : | **CIVIL NO. 1:12-CV- 1105** |
| | : | |
| **Petitioner,** | : | **(Judge Conner)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **WARDEN JEFFREY THOMPSON,** | : | |
| | : | |
| **Respondent.** | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

This case presents some unusual circumstances. The petitioner in this case, Ruben Gonzalez, is a federal inmate housed in the Special Management Unit of the United States Penitentiary, Lewisburg. While Gonzalez is the titular petitioner in this matter, the actual author of the petition is Jose Cardona, a criminal recidivist, Lewisburg inmate and prolific *pro se* litigant who has filed multiple actions challenging his current confinement in the Special Management Unit of the United States Penitentiary, Lewisburg, Pennsylvania.

In this *pro se* petition for writ of habeas corpus, Cardona, acting on behalf of Gonzalez, invites this court to use the writ of habeas corpus for an end far removed

1

from its intended purpose. In particular, Cardona and Gonzalez urge the court to issue a writ of habeas corpus which would review his placement in the Special Management Unit, and direct his removal from the SMU, thus altering the conditions of his incarceration. The respondents have addressed the merits of these claims, (Doc. 8.), this matter is now fully briefed, and is ripe for resolution. Because the petitioner is not entitled to use a writ of habeas corpus to secure the relief he seeks, it is recommended that this petition be dismissed.

With respect to this petition, the pertinent facts can be simply stated: The petitioner, Ruben Gonzalez, was convicted in the United States District Court for the Southern District of Texas of Attempted Murder and was sentenced on October 27, 2010, to a prison term of 180 months to be followed by a three-year term of supervision. (Doc. 8.) He is currently projected for release on February 3, 2023. (Id. at 2.) Gonzalez was designated to the Special Management Unit of the United States Penitentiary, Lewisburg February 29, 2012. While the instant petitioner was filed in Gonzalez's name, all documents filed in this case on behalf of Gonzalez were prepared by inmate Cardona, who is acting as "next friend" and counsel for Gonzales in this case.

## II. Discussion

This court should deny Gonzalez's petition for writ of habeas corpus. This petition fails as a matter of law because Gonzalez's complaints about his designation to the Lewisburg Penitentiary are, in essence, complaints about the conditions of his confinement, matters which simply do not sound in habeas. The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose. The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody. As the United States Court of Appeals for the Third Circuit has aptly noted: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' " Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L.Rev. 1551, 1553 (2001)." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a . . . prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In

3

[such cases], habeas corpus is not an appropriate or available federal remedy." Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).

Thus, where a prisoner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention, courts have repeatedly held that the writ of habeas corpus is not the proper vehicle for bringing this legal challenge. For example, in Leamer v. Fauver, supra the United States Court of Appeals discussed whether a habeas corpus petition was the appropriate tool for an inmate to use when challenging a prison placement decision. In terms that are equally applicable here the Court of Appeals held that these type of claims are not cognizable under habeas, stating:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when [habeas and other civil rights relief] is unavailable: whenever the challenge ultimately attacks the "core of habeas" -the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [other civil rights statutes] is appropriate.

Leamer, 288 F.3d at 542.

Following Leamer, courts have often considered invitations by inmates to use the writ of habeas corpus to examine prison placement and transfer decisions. These invitations have been consistently declined by the courts as a legal exercise which fall

beyond the scope of habeas corpus jurisdiction. See, e.g., Bedenfield v. Lewisburg, 393 F. App'x 32, 33 (3d Cir. 2010)(challenge to placement in the SMU is analogous to the "garden variety prison transfer" that we have indicated should be challenged in a civil rights action, not via a habeas petition, citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir.2005)); Dickerson v. Diguglielmo, 306 F. App'x 707 (3d Cir. 2009); Jupiter v. Warden, U.S.P. Lewisburg, 237 F. App'x 726 (3d Cir. 2007); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006); Beckley v. Miner, 125 F. App'x 385 (3d Cir. 2005). This principle applies with particular force to habeas petitions which challenge a federal inmate's SMU placement. In this particular arena, courts have consistently held that such claims simply may not be grounded in this court's federal habeas corpus jurisdiction. See e.g., Parks v. Holder, 12-3590, 2013 WL 11916 (3d Cir. Jan. 2, 2013); McCarthy v. Warden, USP Lewisburg, 417 F. App'x 128, 130 (3d Cir. 2011); Murray v. Bledsoe, 386 F. App'x 139, 140 (3d Cir. 2010).

In fact, Gonzalez's "next friend" and counsel in this matter, Jose Cardona, has previously been advised that he may not rely upon a habeas corpus petition to challenge these aspects of the execution of his sentence. In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012) the United States Court of Appeals for the Third Circuit directly instructed Cardona on this question, in terms that are equally applicable here, stating that:

In order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona has failed to do so here. He has not alleged that BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment. Indeed, at oral argument, Cardona conceded that there was nothing in the judgment forbidding, or even concerning, his placement in the SMU. Cardona's petition simply does not concern how BOP is "carrying out" or "putting into effect" his sentence, as directed in his sentencing judgment. Consequently, Cardona has not challenged the execution of his sentence, such that the District Court would have jurisdiction over his petition under § 2241. Cardona alternatively argues that his claim is a challenge to the length of his confinement, and therefore may be brought in a habeas petition. He argues that as a consequence of his referral to the SMU, he becomes eligible to lose "good time credits" that might have resulted in a lower sentence. We considered this argument in detail in Leamer, where a New Jersey inmate challenged his placement in a Restricted Activities Program, which consequently made him ineligible for parole. Leamer v. Fauver, 288 F.3d 532, 536 (3d Cir.2002). There, we held that such a claim was not properly brought in habeas because "a favorable decision of Leamer's challenge would [not] *necessarily imply* that he would serve a shorter sentence[.]" Id. at 543. That is, even if Leamer was removed from the Restricted Activities Program and became eligible for parole, he might not necessarily receive a shorter sentence. The facts here are virtually indistinguishable from *Leamer*. Even if Cardona's placement in the SMU makes him eligible to lose good time credits, he might not end up losing any. Cardona's claims do not concern the execution of his sentence, because the BOP's conduct is not inconsistent with his sentencing judgment. Cardona's claims also would not *necessarily* result in a change to the duration of his sentence. Thus, "granting [Cardona's] petition would [not] 'necessarily imply' a change to the ... duration, or execution of the petitioner's sentence." McGee, 627 F.3d at 936. As such, Cardona's claims were not properly brought in a habeas petition under § 2241, and the District Court correctly dismissed his petition for lack of subject matter jurisdiction.

Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).

Here Gonzalez's petition flies in the face of the court of appeals' prior instructions to the "next friend" of this petitioner, Jose Cardona. Therefore, these settled legal tenets control here and are fatal to this habeas petition. Since it is well established that the types of complaints made here simply do not sound in habeas, this petition must be dismissed.

### III. **Recommendation**

Accordingly, for the foregoing reasons, and upon consideration of this Petition for Writ of Habeas Corpus, IT IS RECOMMENDED that the Petition be DENIED and that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record

developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of April 2013.

                                     *S/Martin C. Carlson*
                                     United States Magistrate Judge